■ CARMINE BENNETTI, JR., by His Guardian ad Litem, CARMELA BENNETTI, et al., Respondents-Appellants, et al., Plaintiffs, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent, and LOUIS GRANT et al., Appellants, et al., Defendant.— Order entered April 26, 1966, so far as it granted plaintiffs' motion to set aside verdict of jury rendered February 7, 1966, in favor of defendants Grant reversed, on the facts and the law, and verdict reinstated, with costs and disbursements to appellants; insofar as said order denied the motion as to defendant New York City Transit Authority, affirmed, with costs and disbursements to respondent. The action arose out of a collision between a bus going south on Pearl Street and a private car going west on Pine Street at the intersection of those streets. The evidence shows that there was construction going on at the northwest corner of the intersection which so blocked the view of drivers approaching the intersection that only a portion of the intersection itself was visible, and no part of the street leading to the intersection could be seen. It further appears that both drivers were aware of the hazard so created and approached the intersection with extreme caution. The contact was slight and both drivers stopped their vehicles immediately. The jury found that both exercised the degree of care which a reasonably prudent person would under the circumstances. The trial was free of any error prejudicial to any party. Accidents still happen despite the fact that all actors concerned in them use the care that the law requires. The jury found that this was one of them, and its finding should not be disturbed. Concur — Botein, P. J., Steuer and Tilzer, JJ.; Rabin and Stevens, JJ., dissent in the following memorandum by Rabin, J.: I dissent for the reason that I feel that the accident was not of such a type as could have happened without the negligence of at least one of the drivers involved, and which of such drivers was negligent is for the jury to determine and not for the court. This suit is brought by passengers of a bus who were injured when the bus was involved in a collision with a car driven by defendant Louis Grant. The accident occurred at the intersection of Pearl and Pine Streets. The Transit Authority bus was going south on Pearl Street and the private car involved was going west on Pine Street. Concededly, there was an obstruction at the northwest corner of the intersection, which tended to obstruct each driver's vision of the other vehicle as it approached such intersection. Each driver claimed to be the first into the intersection. While there was an obstruction, that does not mean that the driver of a car may proceed without regard to the danger involved. Indeed, upon seeing the obstruction it was incumbent upon the drivers to exercise a greater degree of caution than otherwise might be necessary. Such duty might have mandated that the driver not merely proceed through the intersection, but that he first stop and then proceed cautiously, edging into the intersection. The jury's verdict, finding both defendants free from negligence, was against the

weight of the evidence. The court, in effect, having selected which of the two defendants was negligent invaded the jury's province. Trial Term should instead have set the verdict aside as against both defendants and ordered a new trial as to both. Settle order on notice.